UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN A SPEAR,

    Petitioner,

v.                                                Case No. 4:19cv336-MW-HTC

MARK INCH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Steven A. Spear, filed a Petition for Writ of Mandamus on July 17, 2019. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon careful consideration, the undersigned respectfully recommends the petition be DISMISSED for lack of jurisdiction.

Petitioner, a prisoner at Zephyrhills Correctional Institution, claims that the Florida Department of Corrections ("FDOC") has interfered with his ability to access his veteran's disability payments "in accordance with 12 U.S.C. § 4002(a)(2)(A)(i)." ECF Doc. 1. That section requires that "funds deposited in an account at a depository institution by … a check drawn on the Treasury of the United States" shall be available for withdrawal not later than the business day after the business day on which such funds are deposited. *Id.* Petitioner

seeks a Writ of Mandamus ordering the FDOC "to obey 12 U.S.C. § 4002(a)(2)(A)(i)."

"Federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought." *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F. Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.), *reh'g denied*, 650 F.2d 284, cert. denied, 454 U.S. 1126, 102 S.Ct. 977 (1981); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir.1973) (federal courts lack original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). Here, the only relief sought is a writ of mandamus compelling the FDOC to obey 12 U.S.C. § 4002(a). Thus, this Court lacks original jurisdiction over this action.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED for lack of original jurisdiction.

2. That the clerk be directed to close the file

At Pensacola, Florida, this 29th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:19cv336-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.